# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

DENNIS DAVISON,

        Petitioner,

        v.

EARL HOUSER,

        Respondent.

Case No. 3:22-cv-00234-SLG

## ORDER OF DISMISSAL

On October 24, 2022, Dennis Davison, a self-represented prisoner, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody.[1] Then, on November 16, 2022, Mr. Davison filed a "Motion to Put No Contact Restraining Order against the State of Alaska Court System, State Judges, State District Attorney(s), State Public Defender(s), State Public Advocate(s), and the Anchorage Police Department, Inter alia, Federal Protection."[2] The Court takes judicial notice[3] of Mr. Davison's underlying criminal conviction in *State of Alaska v. Dennis Davison*, Case No. 2NO-07-00155CR and his post-conviction proceedings, *In the Matter of Dennis Davison v. State of*

---

[1] Docket 1.

[2] Docket 7.

[3] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (11th ed. 2019); *see also Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) ("Materials from a proceeding in another tribunal are appropriate for judicial notice.") (internal quotation marks and citation omitted); *see also* Fed. R. Evid. 201.

*Alaska*, Case No. 2NO-13-00209CI.  The Court also takes judicial notice of the previous cases Mr. Davison has filed with this Court: On April 12, 2017, Mr. Davison filed both a Habeas Petition[4] and a Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983 ("Section 1983").[5]

## SCREENING REQUIREMENT

A court must "promptly examine" a habeas petition.[6]  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."[7]  Upon screening, it plainly appears that Mr. Davison is not entitled to habeas relief pursuant to Section 2254 and his petition must be dismissed.

## DISCUSSION

This is the second § 2254 petition Mr. Davison has filed based on the same underlying criminal case.  The previous case was dismissed without prejudice on June 19, 2017, because Mr. Davison had failed to exhaust his remedies in the state courts.[8]  Mr. Davison appealed to the Ninth Circuit Court of Appeals on July 3, 2017.[9]  The Certificate of Appealability was denied by this Court on July 10,

---

[4] *Davison v. Lapinskas*, Case No. 3:17-cv-00083-SLG, Docket 1.

[5] *Davison v. Estate of Ben Esch, et al.*, Case No. 3:17-cv-00082-TMB, Docket 1.

[6] Rule 4, Rules Governing Section 2254 Proceedings for the United States District Courts.

[7] Rule 4, Rules Governing Section 2254 Proceedings for the United States District Courts.

[8] *Davison v. Lapinskas*, Case No. 3:17-cv-00083-SLG, Docket 6.

[9] *Id.* at Docket 8, 10.

Case No. 3:22-cv-00234-SLG, *Davison v. Houser*
Order of Dismissal
Page 2 of 9
Case 3:22-cv-00234-SLG   Document 8   Filed 01/03/23   Page 2 of 9

2017.[10] Then, on September 7, 2017, the Ninth Circuit also denied his request for a Certificate of Appealability based on its determination that the underlying petition failed to state any federal constitutional claims debatable among jurists of reason.[11] A prisoner may file a second habeas petition where first petition was dismissed without prejudice for failure to exhaust state remedies.[12] However, Mr. Davison has still not exhausted his state court remedies, so this petition must also be dismissed.

A prisoner that is in custody based on a state court conviction may not bring a Section 2254 petition prior to exhausting his state court remedies.[13] Exhaustion of state remedies requires the petitioner to fairly present the federal claims to the state courts in order to give the state the opportunity to pass upon and correct any alleged violations of its prisoners' federal rights.[14] To satisfy the "fairly present" requirement, the petitioner must present his federal claim to "each appropriate court (including a state supreme court with powers of discretionary review)" so that the each court is alerted to the federal nature of the claim.[15]

---

[10] *Id.* at Docket 9.

[11] *Id.* at Docket 11.

[12] 28 U.S.C. § 2244(b); *see also In re Turner,* 101 F.3d 1323 (9th Cir. 1996), *as amended* Jan. 21, 1997.

[13] 28 U.S.C. § 2254(b)(1).

[14] *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curium).

[15] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (relying on *Duncan*, 513 U.S. at 365-66.).

Case No. 3:22-cv-00234-SLG, *Davison v. Houser*
Order of Dismissal
Page 3 of 9
Case 3:22-cv-00234-SLG   Document 8   Filed 01/03/23   Page 3 of 9

In Alaska, this means that claims must first be presented to the Alaska Superior Court. If the petitioner disagrees with that result, the claim must then be raised to the Alaska Court of Appeals, and if he disagrees with that result, the claim must be raised in a petition for hearing to the Alaska Supreme Court.[16] This process also applies to post-conviction proceedings by the Alaska Superior Court and review of any post-conviction decision by the Alaska Court of Appeals and the Alaska Supreme Court.[17]

As discussed in the previous dismissal order, Mr. Davison did appeal his criminal case to the Alaska Court of Appeals and to the Alaska Supreme Court.[18] The Alaska Supreme Court remanded his case to the Alaska Court of Appeals.[19] The Court of Appeals then remanded the case back to the trial court.[20] The public record of the trial court case after it was remanded shows only one docket entry thereafter: an "Order Upon Conclusion of Appeal," entered on August 28, 2013.[21] It is unclear whether, and if so, how, the trial has addressed the issues remanded

---

[16] *See O'Sullivan v. Boerkel*, 526 U.S. 828, 845. In Alaska, a criminal defendant may request discretionary review by the Alaska Supreme Court. *See* Alaska Statutes §§ 22.05.010, 22.07.020, and 22.07.030; Alaska Rules of Appellate Procedure 215, 301, and 302.

[17] *See* 28 U.S.C. § 2254(c); see also *O'Sullivan*, 526 U.S. at 844-45. *See generally* Alaska R. Crim. P. 35.1.

[18] *Davison v. Lapinskas*, Case No. 3:17-cv-00083-SLG (D. Alaska), Docket 6.

[19] *Davison v. State,* 282 P.3d 1262, 1263–64 (Alaska 2012).

[20] *Davison v. State,* 307 P.3d 1, 3–4 (Alaska Ct. App. 2013).

[21] *State of Alaska v. Dennis Davison,* Case No. 3AN-12-12425CR (Docket Entry 8/28/2022).

Case No. 3:22-cv-00234-SLG, *Davison v. Houser*
Order of Dismissal
Page 4 of 9
Case 3:22-cv-00234-SLG   Document 8   Filed 01/03/23   Page 4 of 9

by the Alaska Court of Appeals. Public records, however, do not show any additional appeals.[22]

Mr. Davison also filed for post-conviction relief.[23] The Superior Court denied that application and closed the case on March 14, 2017. Mr. Davison did not appeal that decision to the Alaska Court of Appeals or to the Alaska Supreme Court. Mr. Davison alleges that case was "lost in transfers"[24] and that he hand-delivered documents to this Court sometime in 2020.[25] Per review of the Court's docket, there were no filings in any case made by Mr. Davison between the last filing in his § 1983 case on October 2, 2017[26] and the initiation of this case on October 24, 2022. Because Mr. Davison has still not exhausted his state court remedies, his habeas petition under 28 U.S.C. § 2254 cannot proceed at this time in this Court.

Mr. Davison asserts that there are "extraordinary circumstances" that should permit his case to proceed.[27] But while extraordinary circumstances may excuse

---

[22] *See* Alaska Court System's Courtview search engine at http://www.courtrecords.alaska.gov/eservices/home.page.

[23] *In the Matter of: Davison, Dennis K vs. State of Alaska*, Case No. 2NO-13-00209CI.

[24] Docket 1 at 3-5.

[25] Docket 1 at 4.

[26] *Davison v. Estate of Ben Esch et al,* Case No. 3:17-cv-00082, Docket 7.

[27] Docket 1 at 13-14.

Case No. 3:22-cv-00234-SLG, *Davison v. Houser*
Order of Dismissal
Page 5 of 9
Case 3:22-cv-00234-SLG   Document 8   Filed 01/03/23   Page 5 of 9

an untimely habeas petition, they cannot excuse the requirement to exhaust state court remedies.[28]

## OTHER CLAIMS INCLUDED IN PETITION

Mr. Davison also includes additional allegations, such as conspiracy and discrimination, in his petition.[29] A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement.[30] A federal court lacks jurisdiction over claims of constitutional violations that are not within the "core of habeas corpus."[31] Although a district court may construe a habeas petition by a prisoner as a civil rights action under Section 1983,[32] the Court declines to do so here. A prisoner civil rights suit differs from a habeas petition in a variety of respects, such as the proper defendants, type of relief available, filing fees, and restrictions on future filings.[33] The exhaustion requirements for filing a prisoner civil rights complaint also differ from those required in a federal habeas action.

---

[28] *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) ("A petitioner cannot bring a federal habeas claim without first exhausting state remedies.").

[29] *See, e.g.,* Docket 1 at 8, 9.

[30] *Badea v. Cox,* 931 F.2d 573, 574 (9th Cir. 1991) (quoting *Preiser v. Rodriguez,* 411 U.S. 475, 485 (1973)).

[31] *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc).

[32] See *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971).

[33] *Nettles,* 830 F.3d at 936 (quoting *Robinson v. Sherrod*, 631 F.3d 839, 841 (7th Cir. 2011)).

Case No. 3:22-cv-00234-SLG, *Davison v. Houser*
Order of Dismissal
Page 6 of 9
Case 3:22-cv-00234-SLG   Document 8   Filed 01/03/23   Page 6 of 9

Further, as noted above, Mr. Davison filed a Section 1983 case in this Court on April 12, 2017.[34] In that case, he alleged that he challenged the decisions that Alaska Superior Court Judge Esch made in his 2007 criminal case and alleged he was denied his "civil right to assistance of conflict-free counsel" in that criminal case.[35] For relief, he sought money damages and injunctive relief against Judge Esch and money damages from his court appointed attorneys, Michele Murphy and John Cashion.[36] That Section 1983 case was dismissed with prejudice due to judicial immunity, failing to allege the essential elements of a § 1983 claim, and the statute of limitation.

To the extent Mr. Davison intends to bring the same or similar claims based on conduct he alleges to have occurred in his 2007 Alaska criminal state court case, such claims would be barred due to the prior dismissal with prejudice and the statute of limitations. The Court cautions that if a civil rights complaint is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, it would count as a "strike" against Plaintiff under § 1915(g).[37]

---

[34] *Davison v. Estate of Ben Esch et al,* 3:17-cv-00082-TMB, Docket 1.

[35] *Id.* at 3-5.

[36] *Id.*

[37] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."

Case No. 3:22-cv-00234-SLG, *Davison v. Houser*
Order of Dismissal
Page 7 of 9
Case 3:22-cv-00234-SLG   Document 8   Filed 01/03/23   Page 7 of 9

## MOTION FOR RESTRAINING ORDER

At Docket 7, Mr. Davison filed a motion "to put no contact restraining order" against various entities and persons. Such a motion is outside the scope of habeas relief available in federal court. Accordingly, the motion at Docket 7 must be DENIED.

**IT IS THEREFORE ORDERED**:

1. The Petition Under 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE**, due to the failure of Mr. Davison to exhaust his state court remedies.

2. The motion at Docket 7 is **DENIED.**

3. All other pending motions are **DENIED AS MOOT**.

4. A Certificate of Appealability shall not issue.[38]

5. The Clerk of Court is directed to enter a Final Judgment and terminate this action.

DATED this 3rd day of January, 2023, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[38] 28 U.S.C. §§ 2255(d), 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotations and citations omitted)).

Case No. 3:22-cv-00234-SLG, *Davison v. Houser*
Order of Dismissal
Page 8 of 9
Case 3:22-cv-00234-SLG   Document 8   Filed 01/03/23   Page 8 of 9

Case No. 3:22-cv-00234-SLG, *Davison v. Houser*
Order of Dismissal
Page 9 of 9
Case 3:22-cv-00234-SLG   Document 8   Filed 01/03/23   Page 9 of 9